UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KENNETH DALLA COSTA and DEBORAH DALLA COSTA, individually and as the parents and next friends of AA, BB, and CC, | )<br>)<br>)<br>)<br>) |
| Plaintiffs, | ) Case No. 21-cv-5165 |
| v. | ) Hon. Steven C. Seeger |
| VEENA RAMAIAH, *et al.*, | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Defendants moved to stay the application of a settlement-promoting statute about prejudgment interest while a constitutional issue percolates through Illinois appellate courts. *See* Mtn. to Stay (Dckt. No. 38). The motion to stay is denied.

This case involves medical evaluations that led to the removal of children from their parents' custody. AA, BB, and CC are the minor daughters of Plaintiffs Kenneth and Deborah Dalla Costa. *See* Am. Cplt., at ¶ 1 (Dckt. No. 26). After Deborah Dalla Costa was the subject of allegations of medical child abuse, staff at the University of Chicago Medical Center (UCMC) conducted a series of medical evaluations of AA. Those evaluations led staff to conclude that Deborah Dalla Costa had sought excessive medical care for her daughter and misled doctors about her symptoms and diagnoses. *Id.* at ¶ 54.

Based on this conclusion, the Indiana Department of Child Services (DCS) later removed all three children from the custody of their parents. *Id.* at ¶¶ 78–80. Plaintiffs, individually and as parents and next friends of AA, BB, and CC, filed this civil rights lawsuit under section 1983

against Defendants, all of whom are employees of UCMC or DCS, to recover damages arising from the loss of custody of their children. *Id.* at ¶ 1.

In the motion at hand, Defendants seek to stay the application of an Illinois statute that governs prejudgment interest in personal injury and wrongful death cases. *See* 735 ILCS 5/2-1303. The statute requires prejudgment interest on damages (with a few exceptions) at a rate of 6% per annum. *Id.*

But under the statute, the amount of prejudgment interest can vary, depending on the existence and amount of a settlement offer. Basically, the statute rewards defendants for making prompt settlement offers. It creates incentives to put an offer on the table.

If the judgment is higher than the settlement offer, then the plaintiff can recover prejudgment interest only on the delta between the judgment and the settlement offer. *Id.* But if the judgment is lower than the settlement offer, then the plaintiff cannot recover prejudgment interest at all. *Id.*

So, the defendant does not have to pay prejudgment interest on the portion of a judgment that is equal to the amount of a settlement offer. That is, prejudgment interest accrues only on the portion of a judgment that is higher than the settlement offer.

The statute is a bit of a mouthful, so the Court will add italics to make the key language easier to spot:

> (c) In all actions brought to recover damages for personal injury or wrongful death resulting from or occasioned by the conduct of any other person or entity, whether by negligence, willful and wanton misconduct, intentional conduct, or strict liability of the other person or entity, the plaintiff shall recover prejudgment interest on all damages, except punitive damages, sanctions, statutory attorney's fees, and statutory costs, set forth in the judgment. Prejudgment interest shall begin to accrue on the date the action is filed. If the plaintiff voluntarily dismisses the action and refiles, the accrual of prejudgment interest shall be tolled from the date the action is voluntarily dismissed to the date the action is refiled. In entering

2

> judgment for the plaintiff in the action, *the court shall add to the amount of the judgment interest calculated at the rate of 6% per annum* on the amount of the judgment, minus punitive damages, sanctions, statutory attorney's fees, and statutory costs. *If the judgment is greater than the amount of the highest written settlement offer made by the defendant within 12 months* after the later of the effective date of this amendatory Act of the 102nd General Assembly or the filing of the action and not accepted by the plaintiff within 90 days after the date of the offer or rejected by the plaintiff, *interest* added to the amount of judgment *shall be* an amount equal to interest calculated at the rate of *6% per annum on the difference between the amount of the judgment*, minus punitive damages, sanctions, statutory attorney's fees, and statutory costs, *and the amount of the highest written settlement* offer. *If the judgment is equal to or less than the amount of the highest written settlement offer made by the defendant within 12 months* after the later of the effective date of this amendatory Act of the 102nd General Assembly or the filing of the action and not accepted by the plaintiff within 90 days after the date of the offer or rejected by the plaintiff, *no prejudgment interest shall be added* to the amount of the judgment. For the purposes of this subsection, withdrawal of a settlement offer by defendant shall not be considered a rejection of the offer by the plaintiff. Notwithstanding any other provision of this subsection, prejudgment interest shall accrue for no longer than 5 years.

*See* 735 ILCS 5/2-1303(c) (emphasis added).

The statute thus incentivizes defendants to make settlement offers. A defendant does not have to pay prejudgment interest on any portion of the judgment equal to the amount of a settlement offer. So, if a defendant offers $X, and the judgment is $X + $N, then the defendant has to pay prejudgment on only the $N. And if a defendant offers $X, and the judgment is $X or $X - $N, then the defendant does not have to pay prejudgment interest at all. The higher the settlement offer, the less prejudgment interest that a defendant will have to pay someday (if any).

Notice that the statute imposes a time clock. The possibility of a discount depends on the existence of a timely settlement offer from the defendant. Specifically, the statute applies to a settlement offer made "within 12 months after the later of the effective date of this amendatory Act of the 102nd General Assembly or the filing of the action and not accepted by the plaintiff

3

within 90 days after the date of the offer or rejected by the plaintiff." *Id.* Offering to settle on the courthouse steps, after years of litigation, won't get the defendant a discount.

Defendants now ask this Court to stop the clock, and stay the application of the statute in light of an ongoing challenge to its constitutionality. Litigants challenged the constitutionality of the statute in a number of cases in state court. In 2021, Hon. James Flannery, the Presiding Judge of the Law Division of the Circuit Court of Cook County, issued an order consolidating all motions about the constitutionality of the statute to the court in *Hyland v. Advocate Health & Hospitals Corp. See* 9/13/21 Order (Dckt. No. 35-2).

The presiding judge in *Hyland* later ruled that the 2021 amendments to the statute were unconstitutional. *See* 5/27/22 Order (Dckt. No. 35-1). That court ruled that the statute violated various federal and state constitutional provisions, including the provision about "special legislation" under the Illinois Constitution. *Id.*

But not all Illinois courts see the issue the same way. Other Circuit Courts across Illinois have upheld the constitutionality of the statute. *See* Pl.'s Resp., at 3 (Dckt. No. 38) (listing seven other cases upholding the statute). The constitutionality of the statute is in doubt, but as things stand, it appears that most courts have upheld it.

In any event, the *Hyland* decision is not binding on this court, given that it came from the Circuit Court of Cook County, not the Illinois Supreme Court. *See Delgado v. Bd. of Election Comm'rs*, 865 N.E.2d 183, 188 (Ill. 2007) ("Under Illinois law, the decisions of circuit courts have no precedential value."); *see also People v. Canulli*, 792 N.E.2d 438, 444 (Ill. 2003) ("Courts are not bound to follow decisions of equal or inferior courts.").

In the motion at hand, Defendants do not advance any argument about the constitutionality of the statute on the merits. They don't ask this Court to substantively weigh-in.

Instead, they call attention to the fact that one court ruled that the statute was unconstitutional. And they ask this Court to put prejudgment interest on ice until the constitutional dust settles. They ask this Court to stop the 12-month clock.

One other court in this district faced a motion to stay application of the statute, and denied the motion to stay. *See Aguiar v. Hilton Worldwide Corp.*, 2022 WL 3139573 (N.D. Ill. 2022). Judge Aspen pointed to the fact that the *Hyland* decision is non-binding. *Id.* at *3. The parties in *Aguiar* offered cursory briefs, too, and Judge Aspen decided against reaching constitutional issues unnecessarily. *Id.*

This Court similarly declines the invitation to stay the application of the statute, for a few reasons. The case is in the midst of discovery, so trial is a long way off. Entering judgment won't take place anytime soon. Between now and then, Illinois courts will have a chance to continue to address the constitutionality of the statute. This Court sees no reason to lurch forward and address the statute's constitutionality, especially when the passage of time may yield more guidance from the Illinois appellate courts.

In the meantime, the statute does impact the settlement calculus of each side. The parties know that the statute is lurking out there, and a potential award of prejudgment interest is looming. Defendants know that if they do not make a settlement offer (or if they make a small one), and then lose at trial, Plaintiff could recover prejudgment interest at a rate of 6% per year.

The statute creates a financial incentive to make a settlement offer. A defendant can cap prejudgment interest, or eliminate it altogether, depending on the amount of the settlement offer. But if the statute is stayed, and the clock is stopped, defendants will have less of a financial incentive to come to the bargaining table. A stay would lessen the pressure to make a settlement

offer. From a carrots-and-sticks perspective, staying the statute would preserve the carrot and shrink the stick.

This Court is not inclined to take away that incentive. A stay of the statute would accomplish nothing, except bolting settlement talks to the back burner.

As things stand, no one knows how the constitutionality of the statute will shake out. Maybe the Illinois appellate courts will uphold the statute, or maybe not. There is risk. And that risk should incentivize parties to make decisions about a possible resolution of the case. The risk of prejudgment interest is one of many risks that parties may consider when making settlement decisions. This Court declines the request to take away a potential financial incentive to talking settlement.

Defendants offer no reason to stay application of the statute, other than a barebones gesture to a non-binding state court decision. That's not enough of a reason to stay the application of a statute that promotes settlement talks. The motion to stay is hereby denied.

Date: October 13, 2022

Steven C. Seeger
United States District Judge